UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                            Criminal Case No. 07-20605

Lamar Thomas Edwards,                Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S
## MOTION FOR REVOCATION OF ORDER OF DETENTION

This matter is currently before the Court on Defendant's Motion for Revocation of Order of Detention (Docket Entry No. 30), brought pursuant to 18 U.S.C. § 3145(b). The Government filed a response brief opposing the motion. A hearing on the motion was held on January 12, 2010, at which time both parties had the opportunity to present witnesses and evidence to support their respective positions. For the reasons below, the Court finds that the Government has established, through clear and convincing evidence, facts to establish that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. Accordingly, the Court shall DENY the motion.

### BACKGROUND

On December 5, 2007, the Grand Jury indicted Defendant Lamar Thomas Edwards ("Defendant"), charging him, along with Co-Defendants Delano Dejuan Martin and William Anthony Hall, with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. (Docket Entry No. 1). The indictment charges that "beginning on an unknown date about 2004," and

1

continuing until the return of indictment, "at numerous locations in the City of Flint and elsewhere in the Eastern District of Michigan," Defendant and his Co-Defendants conspired with each other and other persons to distribute 100 grams or more of heroin.

The Docket reflects that Defendant's initial appearance in this action was on October 14, 2009, and that on that date an "Order of Temporary Detention Pending Hearing Pursuant to Bail Reform Act" was issued by Magistrate Judge Steven Pepe. (Docket Entry No. 22). That Order set the detention hearing for October 15, 2009.

On October 15, 2009, Magistrate Judge Pepe held the detention hearing. Although the detention hearing had been scheduled for that date so that Defendant's family members could appear at the hearing, no family members appeared for the hearing on October 15, 2009.

After the hearing, Magistrate Judge Pepe issued an Order of Detention Pending Trial. (Docket Entry No. 24). In that Order, Magistrate Judge Pepe concluded that there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. His Order further stated:

> Defendant has no stable residence or employment. Defendant was indicted Dec. 5, 2007 and Defendant Hall was arrested and detained and had [been involved] closely with Defendant in the alleged drug conspiracy. Defendant had reason to know of the criminal charges and has avoided a search for his arrest. Defendant was involved in an Oct. 1, 2009 shooting and faces state criminal charges. Def.'s girlfriend is pregnant by him but she does not know where he resided.
>
> I find that the credible testimony and information submitted at the hearing establishes by a preponderance that given the length of time since the indictment, defendant's federal and potential state charges, and no stable ties to the community, defendant is a flight risk.

(10/15/09 Order of Detention Pending Trial).

2

On December 31, 2009, Defendant filed the instant Motion for Revocation of Order of Detention (Docket Entry No. 30), pursuant to 18 U.S.C. § 3145(b).

On January 12, 2010, this Court held the requested hearing. Defense Counsel presented one witness, Melvara Echols. Ms. Echols testified that the Defendant is her son and that his true name is Carlieve Horton. Ms. Echols resides at 14289 Cloverline in Detroit, Michigan with her husband and five children, ages 11 to 18. Ms. Echols works at Detroit Metropolitan Airport Sunday through Thursday from 2:00 p.m. to 10:30 p.m. Ms. Echols testified that her husband is disabled and that she and her children care for him in the family home. She further testified that she is willing to have Defendant reside in the family home and that she recently obtained an appropriate telephone line to accommodate an electronic tether.

Defendant presented no further evidence, but requested that the Court review the audio recording of the initial detention hearing before Magistrate Judge Pepe. The Government agreed that the Court should review that recording.

The Government further requested that the Court admit the Pretrial Services Report, dated October 15, 2009, into evidence. Defendant had no objection to the admission of that report as an exhibit and the Court admitted it as Exhibit 1.

## APPLICABLE LAW

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

This Court reviews a defendant's appeal of an order of detention *de novo*. *United States*

3

*v. Leon*, 766 F.2d 77 (2d Cir. 1985); *see also United States v. Koubriti*, 2001 WL 1525270 (E.D. Mich. 2001) (Although the Sixth Circuit has not squarely addressed the issue of the proper standard of review of a magistrate judge's detention order, the majority of the circuits that have considered the issued have ruled that a de novo review is appropriate); *United States v. Runnderstand*, 2008 WL 927774 (E.D. Mich. 2008).

A court may order detention of the defendant if, by clear and convincing evidence, the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(f). In determining whether no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, the district court must take into account the available information concerning: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

In addition, § 3142(e) of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in certain types of cases. A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community exists if the Court finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e).

Here, the indictment charges Defendant with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. The indictment is sufficient to establish probable cause that a defendant

committed the charged offense. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Rippie*, 2008 WL 2741941 at * 3 (E.D. Mich. 2008). Moreover, both parties agree that this is a presumption case. (*See* Def.'s Br. at 4; Govt.'s Br. at 5).

As set forth in *United States v. Rippie*, this rebuttable presumption favoring detention operates as follows:

> If a defendant produces some evidence to rebut the presumption, "the rebutted presumption retains evidentiary weight." *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). The rebuttable presumption does not relieve the Government of its ultimate burden of proof. *United States v. Music*, 2007 WL 2067057, at *3 (W.D. Ky. July 16, 2007). The facts used to determine that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142; *Hazime*, 762 F.2d. at 37.

*United States v. Rippie*, *supra*, at * 4; *see also* 9B FED. PROC. L. ED. § 22:1858 (Once the presumption has been triggered, "the defendant carries the burden of producing some credible evidence that the defendant will appear and will not pose a threat to the safety of the community; the government maintains the burden of persuasion as to the existence of these facts.").

ANALYSIS

The Court finds that Defendant has failed to rebut the presumption that his pretrial detention is necessary to ensure his appearance or the safety of the community. The evidence presented at the January 12, 2010 hearing demonstrates, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community.

The Court finds that there is a serious risk that Defendant will flee and that Defendant poses a danger to the community. As set forth below, the Court finds that all four factors of § 3142(g) weigh in favor of detention pending trial.

1.      Nature And Circumstances Of The Offense Charged:

In this action, Defendant is charged with a serious controlled substances offense – conspiracy to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846. Defendant faces a potential penalty of 5 to 40 years if convicted of this offense. Thus, the first factor weighs in favor of detention.

2.      The Weight Of The Evidence Against Defendant:

The weight of the evidence against Defendant is strong. The Government has witness statements from individuals who claim to have purchased heroin from Defendant and have identified Defendant from photographs. The Government further states that Defendant confessed to selling heroin.

3.      Defendant's History And Characteristics:

Defendant's history and characteristics also weigh in favor of detention.

Defendant is unemployed. Defendant has no employment history and no financial resources. Defendant admits that he has been using marijuana, on a daily basis, since the age of thirteen.

As reflected in the Pretrial Services Report, the F.B.I. fingerprint records obtained from the U.S. Marshal's Service indicate that Defendant's true name is Lamar Thomas Edwards with a date of birth of 6-16-89. Defendant's father, Richard Horton, could not confirm Defendant's date of birth and advised Pretrial Services that Defendant uses the names Lamar Edwards and Carlieve Horton. The Pretrial Services Report indicates that Defendant has used more than one alias name. Defendant's true identity remains in question and the Court is troubled by Defendant's use of alias names and Defendant's refusal to provide his social security number to

arresting officers.

The evidence before the Court reflects that Defendant has weak family ties. Defendant's father advised Pretrial Services that Defendant has had minimal contact with him, his mother, and his brother and that he did not know Defendant's current address. Even Defendant's girlfriend, who is pregnant by Defendant, told officers she did not know where Defendant resided. Defendant acknowledges that during the past three years he has had a transient lifestyle, with no stable address. Thus, Defendant's family ties and length of residence in the community weigh against release.

Defendant's past conduct also weighs against release. Defendant has been arrested on more than one occasion in Flint, Michigan for selling heroin. In addition, he has also been arrested on several occasions in Detroit, Michigan.

Perhaps the most troubling conduct is Defendant's alleged involvement in a shooting that took place on October 1, 2009 – approximately two weeks prior to Defendant's initial detention hearing. Defendant, who is alleged to have shot two individuals on that date outside of his girlfriend's residence, faces serious potential state charges. Although Defendant asserts that he acted in self-defense, even if that were true the incident would still be troubling because Defendant would have been in possession of a firearm on that date despite a prior felony conviction on December 26, 2007.

The Court also agrees that the credible evidence presented indicates that Defendant had reason to know of the indictment in this case and avoided a search for arrest. Defendant and William Anthony Hall, a Co-Defendant in this case, worked closely together for years and have previously been arrested together by the Flint Police Department. The Court agrees that there is

a reasonable inference that Defendant knew Hall was arrested in connection with this action in November 2008. Yet Defendant did not surrender himself to authorities upon learning of the indictment in this action, and did not surrender to authorities after the October 1, 2009 shooting.

Although Defendant's mother is willing to have Defendant reside in the family home, she is away from the family home for significant periods of time for work in order to support her family. The Court agrees with Magistrate Judge Pepe's conclusion that an electronic tether would be entirely insufficient to either ensure Defendant's appearance or protect the community from the danger posed by Defendant.

4.  <u>The Nature And Seriousness Of The Danger Posed By The Defendant's Release:</u>

The Court concludes that Defendant's release would pose a danger to community. Defendant has no lawful employment history and the evidence shows that Defendant continued to sell heroin in Flint even after having been arrested for that conduct. In addition, as noted above, Defendant continued to possess firearms despite being a convicted felon and faces serious state criminal charges for an alleged shooting that occurred on October 1, 2009

CONCLUSION & ORDER

After reviewing the relevant materials *de novo*, including the testimony presented at the initial detention hearing before Magistrate Judge Pepe, the additional evidence presented at the January 12, 2010 hearing, and the Pretrial Services Report, the Court concludes that Defendant should remain in custody pending trial.

Accordingly, IT IS ORDERED that Defendant's Motion for Revocation of Order of

Detention is DENIED.

    IT IS SO ORDERED.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: January 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 13, 2010, by electronic and/or ordinary mail.

                                          S/Jennifer Hernandez
                                          Case Manager